In an action to recover damages for personal injuries, etc., the defendant Marina Sholosh appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated August 20, 2002, as denied her motion for summary judgment dismissing the complaint insofar as asserted against her.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the defendant Marina Sholosh.
The plaintiff Celora Levy (hereinafter the plaintiff), allegedly sustained personal injuries when she tripped and fell on a “bump” in the sidewalk abutting a residential property owned and occupied by the defendant Marina Sholosh. The plaintiff and her husband commenced this action, alleging, inter alia, that Sholosh was negligent because she had made a “special use” of the sidewalk as a driveway. Sholosh moved for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court, inter alia, denied Sholosh’s motion. We reverse.
*410 In support of her motion for summary judgment, Sholosh established a prima facie case of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]) by showing that she did not create the defective condition or cause the defect to occur because of some special use (see Gaynor v City of New York, 259 AD2d 733 [1999]). The plaintiffs deposition testimony and photographs show that the plaintiffs fall did not occur in the area of the sidewalk used to access Sholosh’s driveway. In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). Thus, the Supreme Court erred in denying Sholosh’s motion for summary judgment dismissing the complaint insofar as asserted against her. Smith, J.P., McGinity, H. Miller and Rivera, JJ., concur.